1  KAREN P. HEWITT
   United States Attorney
2  A. DALE BLANKENSHIP
   Assistant United States Attorney
3  California State Bar No. 235960
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6199/(619) 235-2757 (Fax)
   Email: Dale.Blankenship@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8
UNITED STATES DISTRICT COURT

9
SOUTHERN DISTRICT OF CALIFORNIA

10

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3410-DMS |
|---|---|---|
| Plaintiff, | ) ) | DATE: January 22, 2008 |
| | ) | TIME: 2:00 p.m. |
| | ) | |
| KATHLEEN CORNELL JONES, | ) ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND |
| Defendant. | ) ) | AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR |
| _____ | ) ) | RECIPROCAL DISCOVERY |

17      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States

19  Attorney, and hereby files the attached statement of facts and memorandum of points and authorities

20  in support of government's motion for reciprocal discovery.

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

1

# I

## STATEMENT OF THE CASE

On December 19, 2007, a federal grand jury for the Southern District of California returned a two-count Indictment, charging Defendant with (1) one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960; and (2) one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Defendant was arraigned on the Indictment on December 20, 2007, and entered a not guilty plea.

# II

## STATEMENT OF FACTS

**A.    IMMIGRATION HISTORY**

Defendant is a United States citizen.

**B.    INSTANT OFFENSE**

On November 9, 2007, at approximately 11:15 a.m., Kathleen Cornell Jones, ("Defendant") entered the United States from Mexico at the San Ysidro, California, Port of Entry. Defendant was the driver of a Ford Aerostar passenger van bearing California license plate #6AZR625. Customs and Border Protection (CBP) Officer Lorenzo Tovar made contact with Defendant while conducting primary inspection in lane #24 at the Port of Entry. Defendant handed Officer Tovar her California driver's license and Officer Tovar asked Defendant where she was going. Defendant replied that she was going to her home in San Francisco, California. Officer Tovar twice asked Defendant if she was bringing anything back from Mexico. On each occasion, Defendant gave a negative customs declaration. Officer Tovar asked Defendant if the vehicle belonged to her, and Defendant stated that it did belong to her and that she had owned the vehicle for 6 months.

During Officer Tovar's interaction with Defendant, he noticed that she avoided eye contact, and that she was very jittery. Officer Tovar also noticed that Defendant constantly looked into her rear view mirrors at the vehicle directly behind her which was a Chevrolet Silverado pickup truck occupied by two males. Officer Tovar noticed that passenger in the Silverado was talking on a cell phone and watching Defendant.

//

1    Officer Tovar began a cursory inspection of the Defendant's van and noticed that the rear bench
2 seats appeared to be very bulky. Officer Tovar went to the passenger-side, rear door and opened the
3 door. Officer Tovar felt the seats which were hard to the touch. During this time, Defendant became
4 very talkative and continued to look at the pickup truck behind her. Officer Tovar observed cellophane
5 wrapped packages inside the rear passenger bench seats. Officer Tovar then observed that the two
6 occupants in the pickup truck appeared very upset and the passenger hit the dashboard and slumped
7 down into his seat. Officer Tovar called for assistance and other CBP officers arrived and escorted
8 Defendant to the Security Office, and took Defendant's van to the secondary lot for further inspection.

9    Officer Tovar next questioned the occupants of the Silverado pickup truck, then referred both
10 of them to secondary.

11    In the secondary inspection area, Officer Juan Lujan inspected the van. While inspecting the
12 interior of the van, Officer Lujan observed numerous plastic wrapped packages in the two rear passenger
13 bench seats. Officer Lujan ultimately removed 29 packages of marijuana from the bench seats with a
14 weight of 61.75 kilograms/135.85 pounds.

15    **C.    DEFENDANT'S STATEMENT**

16    Immigration and Customs Enforcement Agents Carol Bracamonte and Chris Lindung initiated
17 contact with Defendant and gathered biographical information. During this time, Defendant stated that
18 she takes "Suboxone" due to a previous back injury. Defendant explained that "Suboxone" is a pain
19 blocker. Agents later determined that "Suboxone" is used for the treatment of opiate dependency.

20    At approximately 3:55 p.m., Agents Bracamonte and Lindung advised Defendant of her Miranda
21 rights. Defendant acknowledged that she understood her rights and agreed to speak with Agents
22 Bracamonte and Lindung. The rights advisement and subsequent statement made by Defendant were
23 recorded on a DVD.

24    Defendant stated that she purchased the van "a couple" of months prior to the date of her arrest
25 and that she registered the vehicle in her name. Defendant stated that she previously had a Ford Probe,
26 but that it got "messed up," so her boyfriend found a vehicle for them. Defendant stated that her
27 boyfriend lives in Mexico, and so she took the vehicle to the United States and registered it in her name.
28 Defendant stated that prior to her arrest, she had been in Mexico for 7 days visiting friends. Defendant

3

1 stated that she crossed into the United States two-days prior to her arrest to get new license plates for
2 the vehicle because the license plates were stolen from the vehicle while it was in her boyfriend's
3 possession. Defendant also stated that her boyfriend was arrested and incarcerated in Mexico, and so
4 the purpose for her most recent travel to Mexico was to get the vehicle back from him. Defendant stated
5 that on the date of her arrest, she was on her way to go shopping at the outlet mall for her daughter.
6 Defendant denied knowledge of the drugs in the vehicle and then invoked her right to an attorney.

7 Defendant was returned to a holding cell in the security office. Upon being returned to the
8 holding cell, Defendant asked Agent Lindung if she could tell him something, but that she wanted it off
9 the record. Agent Lindung told Defendant that everything she told him could be added to the report and
10 then Defendant told him "never mind."

11 **D.    RECORDS CHECKS**

12 A check of the Treasury Enforcement Communication System indicates that Defendant was
13 arrested at the San Ysidro, California, Port of Entry on June17, 2007, for alien smuggling. Prosecution
14 was declined and Defendant was released on that same day.

15 **E.    CRIMINAL HISTORY**

16 Defendant was arrested for theft, in violation of Cal. Penal Code § 484(c) and the case was
17 resolved on December 12, 2005, through a diversionary sentence. On June 2, 2006, Defendant was
18 convicted of theft, in violation of Cal. Penal Code § 484(c) and she was sentenced to 6 days' jail, and
19 36 months' probation.

20                                           **III**
21                              **GOVERNMENT'S MOTIONS**
22    **A.    UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

23 Defendant has filed a motion to compel discovery. The Government has voluntarily complied
24 and continues to comply with the requirements of Rule 16(a). To date, the Government has provided
25 105 pages of discovery and 1 DVD to Defendant. The United States, pursuant to Rule 16(b), hereby
26 requests that Defendant permit the United States to inspect, copy, and photograph any and all books,
27 papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within
28 the possession, custody or control of defendants and which they intend to introduce as evidence in their

case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom the defendant intend to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## CONCLUSION

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery be granted.

DATED: January 22, 2008.

>Respectfully Submitted,
>
>KAREN P. HEWITT
>United States Attorney
>
>S/ A. Dale Blankenship
>A. DALE BLANKENSHIP
>Assistant United States Attorney
>Attorneys for Plaintiff
>United States of America
>Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN CORNELL JONES,<br><br>Defendant. | Criminal Case No. 07CR3410-DMS<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Jodi Thorp, Esq., jodithorp@thorplawoffice.com.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

Done.

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2008.

                                          s/ A. Dale Blankenship
                                          A. DALE BLANKENSHIP